# EXHIBIT A

Case: 1:16-cv-11395 Document #: 1-1 Filed: 12/15/16 Page 1 of 10 PageID #:5

30986:PTV:nk:October 3, 2016    Attorney No. 35178

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, SIXTH DISTRICT

| | | |
|---|---|---|
| Rebecca Lynn Schaefer, | ) | No. 20166009011 CALENDAR/ROOM 0207 TIME 09:00 CL Motor Vehicle |
| Plaintiff(s), | ) ) | Amount Claimed: Greater than $30,000.00 plus costs of this suit. |
| vs. | ) ) | Return Date: 11/21/16 |
| Lawrence Degard and S and H Transportation, Inc., Defendant(s), | ) ) ) | Status Date: 12/12/16 Courtroom:_____ Time: 9:00 a.m. |

### SUMMONS
**Please Serve Defendant(s)**

1) Lawrence Degard, 1209 Aspen Dr., Valparaiso, IN 46385 – c/o SECRETARY OF STATE, GENERAL COUNSEL, 298 HOWLETT BUILDING, SPRINGFIELD, IL 62756
2) S AND H TRANSPORATION, INC., C/O REGISTERED AGENT: STEPHEN L. KLING, JR., 150 NORTH MERAMEC AVE., SUITE 400, ST. LOUIS, MO 63105

To each Defendant:
YOU ARE SUMMONED and required:
  1. To file your written appearance by yourself or your attorney and pay the required fee in:
~ District 1: Richard J. Daley Ctr., Rm 602, Chicago, IL 60602    ~ District 2: 5600 Old Orchard Rd., Skokie, IL 6007
~ District 3: 2121 Euclid, Rolling Meadows, IL 60008    ~ District 4: 1500 Maybrook Dr., Maywood, IL 60153
~ District 5: 10220 S. 76th Ave., Bridgeview, IL 60455    ■ District 6: 16501 S. Kedzie, Markham, IL 60426
on _____, _____ before 9:00 a.m. on that date; and then immediately thereafter appear in person or by your attorney on Return Day.
  2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO DEFENDANT on the reverse side.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOUR FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.
To the Officer:
    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the date for appearance. If service cannot be made, this summons shall be returned so endorsed.
    This summons may not be served later than 3 days before the day of appearance.

THERE WILL BE A FEE TO FILE YOUR APPEARANCE

Atty. No: 35178    WITNESS......... DOROTHY BROWN OCT 05 2016
By: Peter T. Vrdolyak
Attorney for Plaintiff    ..................................................
7725 West 159th Street, Suite A    DOROTHY BROWN, Circuit Court Clerk
Tinley Park, Illinois 60477
(708) 429-2332    Date of Service:..............................., 2016
    (To be inserted by officer on copy left with defendant or other person)

| SEE REVERSE SIDE |
|---|

**Service by Facsimile Transmission will be accepted at:................................................
    (Area Code) (Facsimile Number)
        **OVER**

Any person wishing to sue or defend a case as an indigent must petition the court to have the fees, costs, and charges associated with the proceedings waived.

Customers may visit www.cookcountyclerkofcourt.org to access the Clerk's filing fees or telephone the Civil Division at (312) 603-5116 with additional questions.

## NOTICE TO PLAINTIFF

You MUST select a return day of:
not less than 14 or more than 40 days after issuance of summons if amount claimed is $10,000 or less;
not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of $10,000.

## NOTICE TO DEFENDANT

1. If the complaint is notarized, your answer must be notarized.

For District 1 Cases Only:

2. On the specified Return Day, one of the following may occur:
   a. If you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.
      (i) If Plaintiff is not present, the case may be dismissed for want of prosecution.
      (ii) If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.
      (iii) If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.
   b. If you are sued for more than $10,000.00, and if you have filed your appearance on time, you must file your answer no later than 10 days after the appearance date (return date) specified on the front of this form. If you have not filed your appearance or answer on time, the Plaintiff may obtain an exparte default judgment against you for the amount claimed. If Plaintiff is not present for the Default call, the case may be dismissed for want of prosecution. If you filed your appearance and have not filed your answer on time the Plaintiff may motion the court to enter a judgment.

3. Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

For District 2, 3, 4, 5 and 6 Cases:

4. If you are sued for more than $10,000, you have 10 days from the Return Day to answer or otherwise plea.

5. On the specified Return Day, if you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.

6. On the specified Status/Trial Day, one of the following may occur:
   a. If Plaintiff is not present, the case may be dismissed for want of prosecution.
   b. If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.
   c. If you have filed an appearance and are present on Status/Trial Day, trial may be held that day, or may be set for another day certain.

The following is applicable to District 3 cases only:

7. This case may/may not be heard on the day for appearance specified in summons.

8. If the claim is for personal injury, or is a civil case in which Plaintiff has filed a jury demand, you will be required to file your appearance in person or by attorney Return Day, and your answer as required by Par. 2(b) above.
These cases will be assigned and heard in the Civil Jury Room _____ unless otherwise ordered by the Presiding Judge. Neither Plaintiff nor Plaintiff's attorney will be required to be present on Return Day. The case will be set for Status at 9:00 a.m., approximately 60 days from the date of filing. Plaintiff and Defendant will be required to appear in court on that status day.

9. Trial Rights of Property, Detinues, and Revivals of Judgment, Pro Se, and Forcible Detainer suits are returnable in Room _____ and are disposed of on a Return Day unless otherwise ordered by the Court.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

30986:PTV

Atty. No. 35178

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, SIXTH DISTRICT

| | | |
|---|---|---|
| REBECCA LYNN SCHAEFER,<br>Plaintiff,<br><br>v.<br><br>LAWRENCE DEGARD and<br>S. AND H. TRANSPORTATION, INC.,<br>A Missouri Domestic Corporation,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 20166009011<br>CALENDAR/ROOM 0207<br>TIME 09:00<br>PI Motor Vehicle<br>Amount Claimed: More than $50,000.00<br>plus costs of this suit. |

### AFFIDAVIT PURSUANT TO RULE 222(b)

I, PETER T. VRDOLYAK, attorney for Plaintiff, REBECCA LYNN SCHAEFER, states that the damages sought in this matter are greater than Fifty Thousand ($50,000.00) Dollars.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

_____
PETER T. VRDOLYAK
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC.**
BY: PETER T. VRDOLYAK
7725 W. 159th Street, Suite A
Tinley Park, IL 60477
(708) 429-2332

30986:PTV                                                      Atty. No. 35178

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, SIXTH DISTRICT

| | | |
|---|---|---|
| REBECCA LYNN SCHAEFER, | ) | 20166009011 |
| Plaintiff, | ) No. | CALENDAR/ROOM 0207 |
| | ) | TIME 09:00 |
| v. | ) | PI Motor Vehicle |
| | ) | Amount Claimed: More than $30,000.00 |
| LAWRENCE DEGARD and | ) | plus costs of this suit |
| S. AND H. TRANSPORTATION, INC., | ) | |
| A Missouri Domestic Corporation, | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, REBECCA LYNN SCHAEFER, through her attorneys, THE VRDOLYAK LAW GROUP, LLC., by PETER T. VRDOLYAK, and complaining of the Defendants', LAWRENCE DEGARD and S. AND H. TRANSPORTATION, INC., A Missouri Domestic Corporation, states as follows:

### COUNT I - REBECCA LYNN SCHAEFER v. LAWRENCE DEGARD

1. That on the 31st day of October 2014, at approximately 2:50 p.m., Defendant, LAWRENCE DEGARD operated, controlled and drove a motor vehicle when he reversed westbound in a parking lot at or near 527 W. 14th Street, in the City of Chicago Heights, County of Cook and State of Illinois.

2. That at the aforesaid time and place, Plaintiff owned, operated, controlled and drove a motor vehicle in an eastbound direction in a parking lot at or near 527 W. 14th Street, in the City of Chicago Heights, County of Cook and State of Illinois.

3. That at the aforesaid time and place, Defendant LAWRENCE DEGARD, did then and there drive said motor vehicle into a violent collision with the motor vehicle driven by Plaintiff.

4. That at the aforesaid time and place, Defendant LAWRENCE DEGARD, owed a

duty of care to Plaintiff, and to the public generally, to ensure that the vehicle driven by Defendant, LAWRENCE DEGARD, was being operated in a reasonably safe and careful manner.

5. That at the aforesaid time and place, Defendant, LAWRENCE DEGARD, breached the aforesaid duty to Plaintiff through one or more of the following acts and/or omissions:

    (a)    operated, controlled, and drove said motor vehicle into collision with the vehicle Plaintiff was driving;

    (b)    failed to keep said motor vehicle under proper and sufficient control;

    (c)    operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d)    operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

    (e)    failed to decrease speed so as to avoid colliding with the vehicle Plaintiff was driving;

    (f)    failed to give an audible warning with horn when such warning was reasonably necessary to insure safety; and/or

    (g)    failed to yield the right-of-way to the vehicle Plaintiff was driving.

6. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant, LAWRENCE DEGARD, Plaintiff suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, REBECCA LYNN SCHAEFER, demands judgement against the Defendant, LAWRENCE DEGARD, for a sum in excess of THIRTY THOUSAND ($30,000.00) DOLLARS, plus costs of this suit.

### COUNT II - ERROL POWELL v. S. AND H. TRANSPORTATION, INC.

1. That on or about October 31, 2014, Defendant LAWRENCE DEGARD, an authorized and/or ostensible agent of Defendant, S. AND H. TRANSPORTATION, INC.,

operated, controlled and drove a motor vehicle when he reversed westbound in a parking lot at or near 527 W. 14th Street, in the City of Chicago Heights, County of Cook and State of Illinois.

2. That at the aforesaid time and place, and at all relevant times herein, Defendant, S. AND H. TRANSPORTATION, INC., owned and maintained said motor vehicle then and there operated, controlled and driven by authorized and/or ostensible agent of Defendant, LAWRENCE DEGARD.

3. That at the aforesaid time and place, and all relevant times herein, said ostensible agent of Defendant, S. AND H. TRANSPORTATION, INC., Defendant, LAWRENCE DEGARD, operated, controlled and drove said motor vehicle with the knowledge, consent and express and/or implied permission of Defendant, S. AND H. TRANSPORTATION, INC..

4. That at the aforesaid time and place, and all relevant times herein, said authorized and/or ostensible agent of Defendant, S. AND H. TRANSPORTATION, INC., Defendant, LAWRENCE DEGARD, operated, controlled and drove said motor vehicle within the permission of the Defendant, S. AND H. TRANSPORTATION, INC.

5. That at the aforesaid time and place, and all relevant times herein, Defendant S. AND H. TRANSPORTATION, INC., had a right of control over said authorized and/or ostensible agent Defendant, LAWRENCE DEGARD, in the operation of the aforesaid motor vehicle.

6. That at the aforesaid time and place, and at all relevant times herein, said authorized agent of Defendant, S. AND H. TRANSPORTATION, INC., Defendant, LAWRENCE DEGARD, was conducting himself in such a manner as to cause members of the general public, including Plaintiff, to believe that he was an authorized agent of Defendant S. AND H. TRANSPORTATION, INC..

7. That at the aforesaid time, and at all relevant times herein, Plaintiff was operating a motor vehicle in a generally southbound on I-94 at or near 95th Street, in the City of Chicago,

County of Cook, and State of Illinois.

8. That at the aforesaid time and place, Defendant, S. AND H. TRANSPORTATION, INC., as owner and principal through its agent, said ostensible agent, Defendant, LAWRENCE DEGARD, did then and there drive said motor vehicle into a violent collision with the motor vehicle that Plaintiff was operating.

9. That the aforesaid time and place, Defendant, S. AND H. TRANSPORTATION, INC., as owner and principal, through its said authorized and/or ostensible agent, LAWRENCE DEGARD, owed duty of care to Plaintiff, and to the public generally to ensure that the vehicle driven by Defendant, LAWRENCE DEGARD, was being operated in a reasonably safe and careful manner.

10. That at the aforesaid time and place, Defendant, S. AND H. TRANSPORTATION, INC., as owner and principal, through its said authorized and/or ostensible agent, Defendant, LAWRENCE DEGARD, breached the aforesaid duty to Plaintiff through one or more of the following acts and/or omissions:

(a) operated, controlled, and drove said motor vehicle into collision with the vehicle Plaintiff was driving;

(b) failed to keep said motor vehicle under proper and sufficient control;

(c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result of thereof, Plaintiff was injured;

(d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e) failed to decrease speed so as to avoid colliding with the vehicle Plaintiff was driving;

(f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety; and/or

(g) failed to yield the right-of-way to the vehicle Plaintiff was driving.

11. As a direct and proximate result of one or more of the aforesaid acts and/or

omissions of Defendant, S. AND H. TRANSPORTATION, INC., Plaintiff suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, REBECCA LYNN SCHAEFER, demands judgment against the Defendant, S. AND H. TRANSPORTATION, INC., a domestic corporation, for a sum in excess of THIRTY THOUSAND ($30,000.00) DOLLARS, plus the costs of this suit.

*Attorney for Plaintiff*

**THE VRDOLYAK LAW GROUP, LLC.**
BY: PETER T. VRDOLYAK, 35178
7725 W. 159th Street, Suite A
Tinley Park, IL 60477
(708) 429-2332

30986:PTV                                              Atty. No. 35178

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, SIXTH DISTRICT

| | |
|---|---|
| REBECCA LYNN SCHAEFER, )<br>    Plaintiff, ) | No. |
| ) | |
| v. ) | Amount Claimed: More than $50,000.00 |
| ) | plus costs of this suit. |
| LAWRENCE DEGARD and ) | |
| S. AND H. TRANSPORTATION, INC., ) | |
| A Missouri Domestic Corporation, ) | |
|     Defendants. ) | |

### AFFIDAVIT PURSUANT TO RULE 222(b)

I, PETER T. VRDOLYAK, attorney for Plaintiff, REBECCA LYNN SCHAEFER, states that the damages sought in this matter are greater than Fifty Thousand ($50,000.00) Dollars.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

_____
PETER T. VRDOLYAK
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC.**
BY: PETER T. VRDOLYAK
7725 W. 159th Street, Suite A
Tinley Park, IL 60477
(708) 429-2332